IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICO FINANCIAL LIFE AND ANNUITY INS. CO., <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS KELLY, et al, <br><br> Defendants. <br> _____/ <br> AND RELATED CROSS-ACTION <br> _____/ | CASE NO. CV-F-04-5997 LJO <br><br> **ORDER ON CROSS DEFENDANT KELLY'S SECOND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** (Doc. 44) |

Cross defendant Thomas Kelly ("Kelly") moves to dismiss the "counter-claims" of cross complainants Carla Lucas, Carlene Lucas, Diane Seifuddin, Arlene Beale (collectively "cross-complainants"), or in the alternative for summary or partial summary judgment. On September 30, 2005, cross-complainants filed an opposition. On October 19, 2005, Thomas Kelly filed a reply. Thereafter, on October 21, 2005, cross-complainants filed a supplemental brief and requested a stay of this entire action. Following a review of the supplemental brief, the Court requested that Thomas Kelly supplement his briefing. On October 26, 2005, Kelly filed a supplemental brief. Having considered the moving, opposition, reply and supplemental papers, as well as the Court's file, the Court issues the following order.

/////

### Overview

This case is an interpleader action filed by Americo Financial Life and Annuity Ins. arising from the proceeds of an Annuity issued to Virginia Kelly. Virginia Kelly is identified as the joint owner of the Annuity, with defendant, Thomas Kelly (Thomas) as the other joint owner and sole beneficiary. The net value of the Annuity, as of July 15, 2004, is $292,857.00. Americo has been discharged from the case.

The cross-complainants Clara Lucas, Carlene Lucas, Diane Seifuddin, and Arlene Beale filed a "counter-claim" challenging Kelly's self dealing with the Annuity and an inter vivos trust created by Virginia which became irrevocable on her death.

### Kelly's Prior Motion

In the prior motion by Kelly against Carla Lucas, Pauline Lucas, Arlene Beale, and Dianne Siefuddin, this Court granted Kelly's motion to dismiss the cross complainants' claims in their Amended Counter Claim which challenge cross-complainants' right to recover under Virginia Kelly's trust or Virginia Kelly's will. On January 13, 2005, this Court held that it did not have jurisdiction to resolve the issues of the trust, under the probate exception to federal jurisdiction. This Court also denied the motion for summary judgment on the Annuity based upon Rule 56(f): "Given that the motion for summary judgment has been brought within a short time of the filing of the action, the Court will grant the cross complainants request to deny the motion and permit discovery."

### The Current Motion

In Thomas Kelly's motion, he argues that dismissal or summary judgment is appropriate in that there is no issue of fact. He is the co-owner of the Annuity and sole beneficiary.

### Intertwined Trust and Contract Issues

The cross-complainants allege, in part, that Thomas Kelly fraudulently and by undue influence became a joint owner of decedent's Annuity through Atlas Annuities. Prior to this time, cross-complainants were the beneficiary to Atlas Annuity." (Amended Counter claim, Doc. 26, para.11.) The counter claim also alleges that the taking, secreting and misappropriation of decedent's money and property by Thomas Kelly was for Thomas Kelly's benefit. (Amended Counter claim, Doc. 26, para.14.)

The cross-complainants' challenge to the Annuity has evolved during the course of this litigation.

Initially, they claimed they were the beneficiaries of the Annuity. Through discovery, evidence apparently was uncovered. Currently, they claim, and present evidence, that the funds which were used to purchase the Annuity should have been part of Virginia Kelly's Living Trust and as such, the cross-complainants would have received a portion of the Annuity.

Their argument intertwines trust and contract issues. As to the trust issues, this Court previously ruled in Thomas Kelly's motion for summary judgment that the Court was without jurisdiction to resolve the trust, due to the probate exception to federal jurisdiction.

Where federal court jurisdiction otherwise exists (based on diversity of citizenship or a 'federal question'), federal courts may *not* exercise jurisdiction to probate a decedent's will, administer a decedent's estate or entertain any action that would interfere with pending state court probate proceedings. *Markham v. Allen,* 326 US 490, 494, 66 S.Ct. 296, 298 (1946). The "probate exception" to federal jurisdiction, however, is narrowly construed. Federal courts may exercise their jurisdiction to *adjudicate claims against a decedent's estate* 'so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.' *Markham v. Allen*, supra, 326 U.S at 494, 66 S.Ct. at 298. 'The judicially created exemption ... is not an absolute rule, but rather the question is whether the court in its discretion should *abstain* ... The court should abstain only when hearing the claim would require the court to delve into the parties' domestic affairs.' *Rash v. Rash,* 173 F.3d 1376, 1380 (11th Cir. 1999) (emphasis added).

In addition to the above, the Court relied upon *In re Marshall*, 392 F.3d 1118 (9th Cir. 2004). In *Marshall*, the Ninth Circuit stated: "The reach of the probate exception encompasses not only direct challenges to a will or trust, but also questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument. Such questions include fraud, undue influence." The United State Supreme Court has granted certiorari in *In re Marshall*. *Marshall v. Marshall*, --- S.Ct. ----, 2005 WL 1198459 (2005). The grant of certiorari in the *Marshall* case creates uncertainty in the scope of the probate exception to federal jurisdiction.

The cross complainants challenge the estate planning device chosen by Virginia - - her trust.[1] They allege that there was undue influence upon a testator and tortious interference with the testator's intent. They have presented issues of fact, which this Court does not have jurisdiction to resolve, as to whether the funds used to purchase the Annuity were part of or should have been part of the trust. Cross- complainants present copies of checks which were drawn on the Bank of America account and placed in an Atlas Strategic Income Account (Exh. F to Moses Hall Decl.) and funds drawn from Atlas Certificates of Deposit and converted to an Atlas Annuity. (Exh. H to Moses Hall Decl.)  These funds were then used to purchase the Americo Annuity. (Exh. G and Exh. E to Moses Hall Decl.)

The Virginia Kelly Living Trust lists these "source" assets as trust assets. (Exh. 6 to Moses Hall Decl.) Schedule A to the Virginia Kelly Living Trust lists the trust assets as Virginia's residence, a checking account at Wells Fargo, certificates of deposit at World Savings,[2] and certificates of deposit at Atlas (account numbers are not listed). Thus, it could reasonably be inferred that the funds were intended to be part of the Living Trust.

Thomas Kelly was not the trustee of the Virginia Kelly Living Trust at the time the Annuity was purchased. He, however, held a general durable power of attorney on Virginia's behalf dated March 21, 2003, and the transfer of the funds and purchase of the Annuity occurred thereafter. There are allegations of improper self dealing in the trust assets.[3] Resolution of the issues would require this Court to delve into "the parties' domestic affairs." *Rash v. Rash,* 173 F.3d at 1380.

The cross-complainants filed a petition on October 17, 2005 is the State of California Superior Court to resolve the issue of the trust. (Doc. 76, Request for Judicial Notice, Exh. A.)

Thomas Kelly argues that this Court can adjudicate the issue of the Annuity, because it is a contractual issue which is not in dispute. He argues it is not disputed that he is the sole beneficiary of the Annuity. He points out that the cross-complainants concede they are not beneficiaries or owners of

---

[1] The parties dispute whether the Virginia Kelly Trust dated 07-19-97 is an "irrevocable" trust and whether the Virginia Kelly Living Trust, dated March 21, 2003 revoked and restated, in full, the 1997 trust. The 1997 trust has not been provided to this Court, and in any event, decisions on the trust are not within this Court's jurisdiction.

[2] Atlas is purportedly a sister company of World Savings. (Moses Hall Decl.)

[3] The Court does not imply that, in fact, improper dealing occurred. The Court is solely concerned with (1) does it have jurisdiction to resolve the issues, and (2) if it has jurisdiction, are there issues of fact precluding summary adjudication.

4

the Annuity.

The Court cannot reach this issue because of the intertwined trust and contract issues. The trust issues are pending in state court proceedings. Whether the state court determines the merits of the trust or determines the challenge to the trust has been waived, is entirely within the jurisdiction of the probate proceeding.

**Stay of the Action**

Thomas Kelly argues that the Court cannot stay the interpleader action "because there is no authority for the court, once a summary adjudication and dismissal is entered, to maintain any pending action in reference to Mr. Kelly's right as a contracting party to the annuity." (Doc. 80, Kelly Supplement Memorandum p.4:3-6.)

Here, the Court has not entered summary adjudication and dismissal. The Court, rather, is determining whether it has jurisdiction to resolve intertwining issues of trust and contract law. Moreover, this Court possesses the inherent power to control its own docket and calendar. *Mediterranean Enters., Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (citations omitted). A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule does not require that the issues in such proceedings are necessarily controlling of the action before the court. *Id.* (quoting *Leyva v. Certified Grocers,* 593 F.2d 857, 863-64 (9th Cir.1979)).

/////
/////
/////
/////
/////
/////
/////
/////
/////

**Conclusion**

For the foregoing reasons, the Court issues the following order:

1. This action is STAYED pending resolution of the state court proceeding.
2. The pretrial conference of November 3, 2005 and the trial of January 23, 2006 are VACATED.
3. This Court SETS a status conference for February 23, 2006 at 8:30 a.m. in Department 6. The parties may appear by arranging a one-line conference call and telephoning the Court at 559-498-7322.

IT IS SO ORDERED.

**Dated:   October 27, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                                    UNITED STATES MAGISTRATE JUDGE